East'n District.
*Jan.* 1824.

DESDUNES
*vs.*
MILLER.

## BARROW vs. STERLING.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This action was commenced on a promissory note alleged to have been executed by the defendant, and an interrogatory was propounded him whether he had not signed the obligation annexed to the petition.

To which he answered "that if he did not sign the particular note attached to the plaintiff's petition, yet he is under the impression that he might have signed a note somewhat resembling it."

On the cause being brought to trial, the plaintiffs counsel offered a witness to prove the execution of the instrument on which suit was brought, but the court being of opinion that the signature of the defendant was sufficiently established by the answer, refused to hear him. The correctness of that opinion is the only question which the cause presents.

The law confers on a party, putting interrogatories, the right either to except to the an-

When a party answers an interrogatory propounded to him in an evasive manner, such answer always creates a violent presumption against him that a direct one would have been against his interest.

Judgements of the inferior court on matters of fact, always prevail in this court, unless manifestly erroneous.

swers as evasive and insufficient, or to take them for what they are worth, and proceed to trial. The latter course was adopted here, and the testimony furnished was to be weighed like any other. We are unable to say the court below erred in the conclusion which it drew from it. The answer, it is true, neither admits nor denies the fact embraced by the question, in express terms, but by the evasive manner in which it treats it, a most violent presumption is created that a direct reply would have been against the interest of the defendant. Under these circumstances we are unwilling to deviate from a rule as firmly established, as any other in this tribunal, namely, that the judgement of the court below on matters of fact, always prevail here, unles manifestly erroneous. The safer course would certainly have been, to have heard the witness offered by the plaintiff, but on the whole we think justice has been done, and do therefore order, adjudge, and decree, that the judgement of the district court, be affirmed, with costs.

*Watts & Lobdell* for the plaintiff, *M'Caleb* for the defendant.